[No. 1694. Decided May 4, 1895.]

WILLIAM HADLOCK *et al., Respondents*, v. JOHN SHUM-
WAY *et al., Appellants.*

LIENS — CONVERSION OF TIMBER INTO SHINGLES.

A lien upon shingle bolts is authorized by Laws 1893, p. 428, § 2, which confers a right of lien upon all persons performing work in manufacturing sawlogs or other timber into lumber and shingles, defining lumber to be "all logs or other timber sawed or split for use," and "every article of whatsoever nature or description manufactured from sawlogs or other timber."

*Appeal from Superior Court, Skagit County.*

*C. K. Bonestell,* for appellants.
*Sinclair & Smith,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to foreclose a lien on shingle bolts, for labor performed thereon. Judgment was rendered for plaintiffs, and defendants appealed.

The Belfast Shingle Company was the owner of a tract of timber land in Skagit county, and entered into a contract with defendant Shumway to convert the timber thereon into shingle bolts. Shumway employed plaintiffs to perform the labor. The act under which the right of lien is asserted is found in the

Laws of 1893, page 428. Appellants contend that the right to a lien on shingle bolts is conferred only by § 1 of said act, and that the plaintiffs could not assert a lien thereunder for the reason that they were hired to perform the labor by Shumway, who was himself an independent contractor, and not the owner of the timber or the bolts when manufactured.

However this may be, we think a lien upon shingle bolts is authorized by § 2 of said act. This section confers a right of lien upon all persons performing work in manufacturing sawlogs or other timber into lumber and shingles, and defines lumber to be "all logs or other timber sawed or split for use," and "every article of whatsoever nature or description manufactured from sawlogs or other timber." It is contended that this section does not apply, for the reason that the timber was not manufactured into shingles, and that the words "sawed or split for use," cannot be held to include shingle bolts which cannot be used until they have been actually converted into shingles. But it seems to us that the intent of the act was to give a lien in cases of this kind, and we think the position of the respondents must be sustained. A shingle bolt is a manufactured article within the spirit of § 2. It is prepared for a special purpose, and after preparation is practically worthless for any other purpose than to be converted into shingles. The shingle bolt is valuable, not so much for the timber it contains as for the result of the labor performed upon it in giving it certain dimensions and a particular character of its own.

Affirmed.

HOYT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.